**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 24-50346 |
| | ) | Chapter 11 – Subchapter V |
| Fast Flow Plumbing, LLC, | ) | Small business case |
| | ) | |
| Debtor. | ) | Hon. Gregory R. Schaaf |
| | ) | United States Bankruptcy Judge |

___

**MERCEDES-BENZ FINANCIAL SERVICES USA LLC'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY
OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION**
___

Mercedes-Benz Financial Services USA LLC ("**MBFS**"), by its undersigned counsel, moves this Court for entry of an order for relief from the automatic stay, or, in the alternative, for an Order compelling Fast Flow Plumbing, LLC to provide adequate protection (the "**Motion**"). In support, MBFS states as follows:

1. Debtor Fast Flow Plumbing, LLC ("**Debtor**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on December 25, 2023 (the "**Petition Date**").

2. Michael E. Wheatley is the duly appointed Subchapter V Chapter 11 Trustee.

3. This Court has jurisdiction over this matter under 28 U.S.C. 151 and 157.

4. MBFS financed Debtor's purchase of four Mercedes-Benz Sprinter Vans and a 2023 Mercedes-Benz SUV under five separate Loan and Security Agreements (the "**Loan Agreements**"). Copies of the Loan Agreements are attached as *Exhibit A*.

5. MBFS holds a first priority purchase money security interest in the vehicles MBFS financed (the "**Equipment Collateral**") consisting of the following:

| Account | VIN | Year, make, model |
|---|---|---|
| 5002343582001 | 4JGFF5KE1PA922100 | 2023 Mercedes-Benz GLS450W4 |
| 5001395913001 | WD3PF1CD6KP061147 | 2019 Mercedes-Benz M2CA76 |
| 5001740809001 | W1Y4ECHY0LT024800 | 2020 Mercedes-Benz M2CA76 |
| 5002022137001 | W1Y4ECHYXMT060270 | 2021 Mercedes-Benz M2CA76 |
| 5001329486001 | WD4PF1CD1KP035860 | 2019 Mercedes-Benz M2CA76 |

6.     The Loan Agreements include cross-default and cross-collateral provisions. As a result, each piece of Equipment Collateral is collateral for all of Debtor's obligations and liabilities to MBFS under the Loan Agreements.

7.     Debtor has defaulted under the Loan Agreements by failing to make monthly payments due. As of the Petition Date, Debtor owed MBFS $209,386.32. The monthly payments under the Loan Agreements total $5,830.69.

8.     MBFS believes, based on Manheim Market report published values and MBFS' experience in remarketing used equipment, that the Equipment Collateral is worth approximately $187,200. MBFS also expects that the Equipment Collateral will depreciate on a daily basis in the ordinary course of Debtor's use of the Equipment Collateral at the rate of up to 2.5% per month. Copies of the Manheim Market Report surveys are attached as *Exhibit B*.

9.     Prior to the Petition Date, MBFS repossessed the 2021 Sprinter van (Vin No. 60270)(the "**Repossessed Equipment**").

10.    As a condition to the Debtor's continued use, sale, and retention of the Equipment Collateral, is entitled to adequate protection pursuant to Sections 361, 362, and 363 of the Bankruptcy Code and to be afforded protection against loss arising from such use.[1]

---

[1] In addition, while not directly the subject of this Motion, MBFS is entitled to adequate protection as a condition of turnover of the Repossessed Equipment. *City of Chicago v. Fulton*, 141 S. Ct. 585 (2021).

11. MBFS has requested an adequate protection proposal from Debtor that fairly reflects the diminution in value anticipated in the Equipment Collateral. To date, Debtor has only offered de minimus payments that are insufficient to adequately protect MBFS. A copy of MBFS' counsel's correspondence with Debtor Counsel is attached as *Exhibit C*.

<u>Cause Exists for Relief from Automatic Stay.</u>

12. First, the 2023 Mercedes-Benz GLS450W4 is a luxury personal SUV. It is not a van that is used at a jobsite, nor is configured to carry tools or materials to a worksite. Simply put, the GLS450 has no business purpose or use and the stay should be lifted for cause with respect to the GLS450 because it is a luxury the Debtor cannot afford.

13. Second, MBFS is entitled to relief from stay with respect to all of the Equipment Collateral because Debtor has not adequately protected MBFS' interest in it.

14. Under 11 U.S.C. 362(d), "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . by terminating, annulling, modifying or conditioning such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if – (A) the debtor does not have an equity interest in such property; and (B) such property is not necessary for an effective reorganization."

15. Adequate protection is the protection of a secured creditor's "interest in property" from any decrease in "value" attributable to the automatic stay. *In re Briggs Transp. Co.,* 780 F.2d 1339, 1434 (8th Cir. 1986), *see also In re Elmira Litho, Inc.,* 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994) ("threat" of a decline in a secured creditor's collateral constitutes a prima facie case for lack of adequate protection under § 362(d)(1)), *In re Jones,* 189 B.R. 13 (Bankr. E.D. Okla. 1995) (secured creditor lacks adequate protection for purposes of obtaining relief from automatic stay if

there is a threat of decline in value of property serving as collateral), *In re Cason,* 190 B.R. 917, 924 (Bankr. N.D. Ala. 1995) (where there is a possibility of a diminution of a creditor's collateral interest, a debtor may be required to provide the creditor with adequate protection, such as periodic cash payments).

16. Here, Debtor has not provided adequate protection of MBFS' interest in the Equipment Collateral. While the parties have engaged in good faith efforts to reach an agreement regarding adequate protection, Debtor's offers have been insufficient. That is largely a result of Debtor's methodology, which calculates adequate protection by applying a *Till* interest rate to the MBFS' claim.  Unfortunately, that calculus bears no logical or other relation to the diminution in value of the Equipment Collateral.

17. For its part, MBFS has proposed adequate protection payments tied to the value of the equipment and the expected historic depreciation Debtor's continued use of the equipment on the job will entail.  MBFS submits that is the correct approach to determining adequate protection and fairly yields payments significantly greater than the ones proposed by the Debtor.

18. Accordingly, cause exists to lift the automatic stay with respect to the Equipment Collateral because Debtor has failed to provide MBFS with adequate protection of MBFS's security interest in the Equipment Collateral.

<u>In the Alternative, MBFS is entitled to Adequate Protection.</u>

19. In the alternative, MBFS requests that the Court condition Debtor's continued use of the Equipment Collateral on entry of an order granting MBFS adequate protection, including periodic cash payments in an amount no less than is necessary to cover the expected depreciation in the Equipment Collateral.

20. Section 363(e) of the Bankruptcy Code provides that an entity is entitled to adequate protection of an interest in property that is used by the debtor. 11 U.S.C. 363(e).

21. The purpose of adequate protection is to insure a secured creditor receives the essential benefit of its bargain. *In re Briggs Transp. Co.,* 780 F.2d at 1342.

22. Adequate protection is mandatory and the burden of proposing and providing adequate protection is on the debtor. *See In re Metromedia Fiber Network, Inc.,* 290 B.R. 487 (Bankr. S.D.N.Y. 2003); *In re Miller*, 55 B.R. 49, 50 (Bankr. D.D.C. 1985).

23. If the automatic stay is not lifted, MBFS is entitled to adequate protection, including periodic cash payments to compensate MBFS for the diminution in value of the Equipment Collateral. *See* 11 U.S.C. 361(1) (adequate protection may be provided by requiring the trustee to make a cash payment or periodic cash payments to the secured creditor).

24. As noted above, the cash payment should compensate MBFS for the expected depreciation in the value of the Equipment Collateral from Debtor's continued use of the equipment.

25. In addition to periodic cash payments, adequate protection should include a requirement that Debtor: (a) maintain adequate insurance against loss of the Equipment Collateral; (b) maintain the Equipment Collateral; (c) timely pay all taxes, assessments and other fees or claims that could become a lien or encumbrance on the Equipment Collateral; (d) segregate and immediately pay over to MBFS all proceeds from any sale or other disposition of any of the Equipment Collateral; (e) provide access to Debtor's books and records; and (f) provide, in form satisfactory to MBFS, a detailed accounting of the location and condition of the Equipment Collateral.

WHEREFORE, MBFS requests the entry of an order: (i) terminating and/or modifying the automatic stay with respect to the 2023 Mercedes-Benz GLS450W4 and Equipment Collateral or, in the alternative, (ii) requiring the Debtor to provide adequate protection of MBFS' interest in the Equipment Collateral, including periodic adequate protection payments, and grant MBFS such further and additional relief as the Court deems proper and just.

## NOTICE OF HEARING

**TAKE NOTICE** that a hearing on the foregoing motion is scheduled to be held on Tuesday, June 18, 2024, at 9:00 a.m. at the U.S. Bankruptcy Court for the Eastern District of Kentucky, Community Trust Building, 100 East Vine Street, 2nd Floor, Lexington, KY 4050

Respectfully Submitted,

/s/ Erika R. Barnes
Erika R. Barnes (KY Bar No. 90402)
STITES & HARBISON PLLC
401 Commerce Street, Suite 800
Nashville, TN  37219
Telephone:  (615) 782-2200
Email: ebarnes@stites.com
*Counsel for Mercedes-Benz Financial Services USA LLC*

Dated: May 20, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2024, service of a true and accurate copy of the foregoing has been made to the following persons in accordance with the method established under the Court's CM/ECF Administrative Procedures upon all parties.

/s/ Erika R. Barnes
Erika R. Barnes

Debtor *(via US Postal Service)*
Attorney for Debtor *(via US Postal Service)*
U.S. Trustee
All parties listed on the matrix