**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 24-50346 |
| FAST FLOW PLUMBING, LLC | CHAPTER 11 (Subchapter V) |
| DEBTOR | |

\* \* \* \* \* \* \*

**MOTION OF WESTERN EQUIPMENT FINANCE FOR RELIEF FROM STAY,
OR IN THE ALTERNATIVE FOR ADEQUATE PROTECTION,
MOTION FOR WAIVER OF 14 DAY STAY UNDER FRBP 4001(a)(3),
AND MOTION TO LIMIT NOTICE**

Western Equipment Finance ("Movant"), by counsel, a secured creditor in the above-referenced case, and hereby respectfully submits its Motion pursuant to 11 U.S.C. §361, §362 and §554 to lift the automatic stay with respect to certain financed equipment addressed below to enable Movant to recover and sell said equipment or, in the alternative, to Order Debtors to make an immediate cure of past-due post-petition payments and for adequate protection. Western Finance further respectfully requests that the collateral be abandoned to the extent of Western Finance's security interest pursuant to 11 U.S.C. §554. Finally, Western Finance respectfully requests that this Court enter an Order limiting notice to (i) the Debtor and its Counsel, (ii) the Chapter 11 Trustee, (iii) any individual or entity who has filed a Notice of Appearance requesting notice, and (iv) any individual or entity designated to receive notice by the Court.

In support of the Motion, Movant states as follows:

1. On March 26, 2024 (the "Petition Date"), Fast Flow Plumbing, LLC, (the "Debtor") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of

Kentucky.

2.  This Court has jurisdiction of this matter under 28 U.S.C. §§ 1408 1409(a) and 11 U.S.C. §§ 361 and 362. This is a core proceeding under 28 U.S.C. §157(b).Movant is a secured creditor holding a valid and properly perfected security interest in the following vehicles in possessions of the Debtor ("Collateral"), which are the subject of two (2) secured Proofs of Claim (POC 26 and 27), which are attached hereto as **Exhibits A** and **B**:

  a. TRIC Tools X30 Pipe Bursting System Package

  b. Perma-Liner 22 Hot Water Lining Trailer Package

3.  On or about February 22, 2022, Fast Flow Plumbing, LLC ( "Fast Flow") executed and delivered a Master Finance Agreement in the amount of $31,646.20 which was secured by a trailer package (Perma-Line 22' Hot Water Lining Trailer Package) (the "Trailer Package"). Western Finance's lien against the Trailer Package was perfected by a duly-filed UCC-1 financing statement A copy of the February 22, 2022 Contract and the UCC-1 financing statement are attached as an Exhibit to Western Finance's Proof of Claim 26, **Exhibit A**.

4.  Western finance estimates the value of the Trailer Package to be $75,000.00. However, this figure is uncertain, and there may be no equity in the collateral for unsecured creditors after taking into account costs of sale.

5.  On or about June 3, 2023, Fast Flow Plumbing, LLC ("Fast Flow") executed and delivered a Master Finance Agreement in the amount of $40,784.25 which was secured by certain equipment (TRIC Tools X30 Pipe Bursting System Package) (the "Equipment"). Western Finance's lien against the Equipment was perfected by a duly-filed UCC-1 financing statement. Copies of the June 3, 2023 Contract and the UCC-1 financing statement are attached as an Exhibit

to Western Finance's Proof of Claim 27, **Exhibit B**.

6. Western finance estimates the value of the equipment to be $43,000.00. There would be no equity in the collateral for unsecured creditors after taking into account costs of sale.

7. As of the Petition Date, Western Finance is owed the sum of **$35,704.76** pursuant to the February 22, 2022 Contract. *See* POC 26.

8. As of the Petition Date, Western Finance is owed the sum of **$45,905.38** pursuant to the June 3, 2023 Contract. *See* POC 27.

9. The April 22, 2024 Interim Cash Collateral Order (Doc. 60) provides for weekly adequate protection payments of $100.48 to be paid to Western Finance. As of the date of this filing the adequate protection payments have not been made.

10. Debtor has continued use of the Collateral without making the adequate protection payments referenced in the Interim Cash Collateral Order (Doc. 60). As a result, Creditor is entitled to relief from stay for cause and for lack of adequate protection for its collateral pursuant to 11 U.S.C. § 362(d)(1).

11. By this Motion, Movant seeks the entry of an order (a) granting it relief from the automatic stay, pursuant to 11 U.S.C. §362, to enable it to recover the Collateral and sell it or, in the alternative remit adequate protection payments.

12. Section 361 of the Code provides, in pertinent part that, "[w]hen adequate protection is required under section 362 . . . of this title of an interest of an entity in property, such adequate protection may be provided by—

 a. Requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent the stay under section

362 of this title . . . results in a decrease in the value of such entity's interest in such property;

b. Providing to such entity an additional or replacement lien to the extent that such stay . . . results in a decrease in the value of such entity's interest in such property; or

c. Granting such other relief . . . as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property." *11U.S.C. § 361.*

13. Section 362(d) of the Code provides, in pertinent part that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

a. For cause, including the lack of adequate protection of an interest in property of such party in interest;

b. With respect to a stay of an act against property under subsection (a) of this section if—

  i. The debtor does not have an equity in such property; and

  ii. Such property is not necessary to an effective reorganization;" *11 U.S.C § 362(d)*

14. Debtor is in default under the terms of the Contracts by virtue of the failure to timely remit post-petition monthly payments.

15. Maintaining the status quo, whereby debtor continues the possession/use of Movant's collateral without remitting post-petition payments as they come due places all of the risk and burden upon Movant and virtually none upon debtor.

16. Movant's collateral continues to depreciate and Debtor continues to enjoy the benefit and use of the collateral without remitting payments as they come due post-petition. The only avenue by which Movant can be adequately protected is to require Debtor to cure the existing

payment defaults.

17. Absent a cure of the default, Movant should be granted relief from the automatic stay to enable it to recover and sell its collateral.

18. Movant is entitled to an Order granting it relief from the automatic stay and/or for an order of adequate protection under 11 U.S.C. §§ 361 and 362(d), as Movant is not being adequately protected as set forth above.

19. The lack of payments, coupled with the continued depreciation, places Movant in a precarious position.

20. As such, Movant is hereby seeking an Order from this Honorable Court to lift the automatic stay with respect to the following collateral to enable Movant to recover and sell its collateral described above.

21. Western Finance further respectfully requests a waiver of the 14 day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3). In support of its Motion, Western Finance states that the Debtor's rights are protected because the Debtor has the option to file an Objection during the regular 14-day notice period. If the Debtor objects and the motion is ultimately granted, it is likely that weeks, if not months will have elapsed before the order is entered. Thus, waiving the 14 day stay of FRBP 4001(a)(3) will not prejudice the Debtor.

22. Western Finance further requests that this Court enter an Order compelling the Trustee to ABANDON the Collateral to the extent of Western Finance's secured interest in the Collateral.

23. Western Finance has had to retain counsel to represent it before this Court and is

incurring attorneys' fees and court costs for which it is entitled to reimbursement.

24. Western Finance further respectfully requests that Notice of this matter be limited to (i) the Debtor and her Counsel, (ii) the Chapter 13 Trustee, (iii) any individual or entity who has filed a Notice of Appearance requesting notice, and (iv) any individual or entity designated to receive notice by the Court.

25. In support of this Request, Western Finance states that Federal Rule of Bankruptcy Procedure 6007(b) provides that a Motion to Abandon shall be served on all creditors "[u]nless otherwise directed by the court." Western Finance submits that (i) the parties most interested in this matter will receive notice of the motion, and (ii) the creditor body at large will not be prejudiced if they do not receive notice of a stay relief motion relating to the Debtor's Collateral, because any non-exempt equity would be turned be preserved for administration.

WHEREFORE, for the reasons stated herein, Western Finance respectfully requests that this Court enter an Order terminating the automatic stay, and abandoning the Collateral to permit Western Finance, its successors and assigns, to exercise its state law rights under the security interest herein described, to apply the net proceeds to its obligation, including reasonable attorneys' fees, costs, and expenses, and for such other relief as may be just. Western Finance further requests a waiver of the 14 day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3), and requests that the stay remain terminated in the event the Debtor converts to a different chapter under the Bankruptcy Code. Western Finance further requests that Notice of this matter be limited to (i) the Debtor and Counsel, (ii) the Chapter 11 Trustee, (iii) any individual or entity who has filed a Notice of Appearance requesting notice, and (iv) any individual or entity designated to receive notice by the Court.

Dated this the 28th day of May, 2024.

Respectfully submitted,

*/s/ Stephen Barnes*
Stephen Barnes, Attorney
KY Bar ID No. 89762
Walther, Gay & Mack, PLC
163 East Main Street, Suite 200
P.O. Box 1598
Lexington, KY  40588-1598
(859) 225-4714
sbarnes@wgmfirm.com
COUNSEL FOR WESTERN
EQUIPMENT FINANCE

## NOTICE

**Please take notice that pursuant to FRBP 4001(d)(2), unless a party in interest files a response to the Motion and a request for and notice of hearing on such response within 14 days from the date of this motion, the enclosed order will be tendered to the Court and may be entered without a hearing on the Motion.**

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served, either electronically by the Court or via U.S. Mail, First Class Postage Prepaid on this the 28th day of May, 2024.

All parties designated to receive electronic notice and

Fast Flow Plumbing, LLC
1152 Red Lick Rd.
Berea, KY 40403
DEBTOR

Michael E. Wheatley
PO Box 1072
Prospect, KY 40059
CHAPTER 11 SUBV TRUSTEE

U.S. Trustee
100 E. Vine Street #500
Lexington, KY 40507

Bradley M. Nerderman
Office of the U.S. Trustee
100 E. Vine Street, Suite 500
Lexington, KY 40507

Amitkumar Sharma
AIS Portfolio Services, LLC
4515 N. Santa Fe Ave, Dept APS
Oklahoma City, OK 73118
Attorney for Ally Bank Department

Scott D. Fink
Weltman, Weinberg and Reis Co, L.P.A.
965 Keynote Circle
Brooklyn Heights, OH 44131
Counsel for Toyota Industries Commercial Finance

Martin B. Tucker, Esq.
Dinsmore & Shohl LLP
100 West Main Street, Suite 900
Lexington, KY 40507
Attorney for Community Trust Bank

Dennis M. Ostrowski
Reimer Law Co.
PO Box 39696
Solon, OH 44139
Counsel for Huntington National Bank

Erika R. Barnes
Stites & Harbison PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
Attorney for Mercedes-Benz Financial Services

Robert A. McMahon
Eberly McMahon Copetas LLC
2245 Gilbert Ave., Suite 101
Cincinnati, OH 45206
Attorney for Eberly McMahon Copetas LLC

*/s/ Stephen Barnes*
COUNSEL FOR WESTERN EQUIPMENT FINANCE