Case 24-50346-gms    Claim 6-1 Filed 05/28/24 Desc Main Document    Page 1 of 9
Case 24-50346-grs    Doc 106-1 Filed 05/22/24 Entered 05/22/24 11:26 Page 1 of 9
Exhibit A_Proof of Claim 26    Page 1 of 9

**Fill in this information to identify the case:**

Debtor 1: Fast Flow Plumbing LLC

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: Eastern District of Kentucky

Case number: 24-50346

## Official Form 410
# Proof of Claim                                                04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Western Equipment Finance
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor: Western Finance

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Stephen Barnes, Attorney
Name
163 E Main Street, Suite 200
Number    Street
Lexington                KY        40507
City                     State     ZIP Code

Contact phone  859-225-4714
Contact email  sbarnes@wgmfirm.com

Where should payments to the creditor be sent? (if different)

Western Equipment Finance
Name
503 Highway 2 West
Number    Street
Devils Lake              ND        58301
City                     State     ZIP Code

Contact phone  701-665-1685
Contact email  _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) ____    Filed on _____
                                                                 MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                          Proof of Claim                              page 1

Case 24-50346-grs    Claim 6-1 Filed 05/28/24    Desc Main Document    Page 2 of 9
Case 24-50346-grs    Claim 6-1 Filed 05/28/24    Desc Main Document    Page 2 of 9
Exhibit A_Proof of Claim 26    Page 2 of 9

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: **2 7 9 9**

**7. How much is the claim?** $ **35,704.76**. Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Master Finance Agreement (trailer perma liner 22 Loan)

**9. Is all or part of the claim secured?**
☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☑ Other. Describe: **Perma-Liner 22 Hot Water Lining Trailer Package**

**Basis for perfection:** UCC-1 Financing Statement
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**          $ 75,000.00
**Amount of the claim that is secured:**   $ 35,704.76

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ 0.00

**Annual Interest Rate** (when case was filed) **3.00** %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**
☑ No
☐ Yes. Identify the property: _____

Official Form 410                  Proof of Claim                   page 2

Case 24-50346-grs   Claim 6-1 Filed 05/28/24 Desc Main Document Page 3 of 9
Case 24-50346-grs   Claim 106-1 Filed 05/22/24 Desc Main Document Page 3 of 9
Exhibit A_Proof of Claim 26    Page 3 of 9

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

    A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

    ☑ No
    ☐ Yes. Check one:                                                                                    **Amount entitled to priority**

    ☐ Domestic support obligations (including alimony and child support) under
    11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).                                                               $_____

    ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for
    personal, family, or household use. 11 U.S.C. § 507(a)(7).                                           $_____

    ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the
    bankruptcy petition is filed or the debtor's business ends, whichever is earlier.
    11 U.S.C. § 507(a)(4).                                                                               $_____

    ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).                              $_____

    ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).                                  $_____

    ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.                                  $_____

    * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   05/16/2024
                   MM / DD / YYYY

/s/ Robin Steffan
Signature

Print the name of the person who is completing and signing this claim:

| | | |
|---|---|---|
| Name | Robin | Steffan |
| | First name     Middle name | Last name |
| Title | Sr. Impaired Debt Specialist | |
| Company | Western Equipment Finance | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | |
| Address | 503 Highway 2 West | |
| | Number    Street | |
| | Devils Lake    ND    58301 | |
| | City    State    ZIP Code | |
| Contact phone | 701-665-1685    Email | |

Official Form 410                              **Proof of Claim**                              page 3

# CLAIM CALCULATION
### Debtor: Fast Flow Plumbing, LLC
### E.D. Ky. Bkr. Case No.: 24-50346
### Creditor: Western Equipment Finance

Total Claim Amount: **$35,704.76**

Principal Balance $31,646.20
Per diem $15.82 x 142 days (11/05/2023 to 03/26/2024) = $2,246.44
$75.00 Right to Cure Fee
$1,212.12 Late charges
$25.00 ACH return fee
$500.00 close out fee
**Total $35,704.76**

      The secured proof of claim of creditor Western Equipment Finance, ("Creditor") is based on a Master Finance Agreement dated February 22, 2022 (the "Contract"). A copy of the Contract is attached hereto as **Exhibit A**. Creditor's claim is secured by a lien encumbering certain equipment (Perma-Liner 22' Hot Water Lining Trailer Package), perfected by a UCC-1 financing statement. A copy of the UCC-1 financing statement is attached hereto as **Exhibit B**.

A. Claimant reserves the right to amend this claim at any time and from time to time in all respects including but not limited to the amount and nature of the claim and to claim amounts as administrative expenses where the facts so warrant.
B. The filing of this Proof of Claim is not intended to waive any rights and remedies Claimant may have under the contracts between the parties, if any.
C. In executing and filing this Proof of Claim, Claimant: (1) does not submit itself to the jurisdiction of this Court for any purpose other than with respect to said claim; (2) does not waive any right or rights that it has or may have against any other persons or entities liable for all or part of the claim set forth herein; (3) expressly reserves the right, to the extent permitted by law, to amend or supplement this Proof of Claim in any respect; and (4) expressly reserves the right to assert all claims, causes of action, defenses, offsets or counterclaims.

DocuSign Envelope ID: 55BB19A5-E34E-4CD8-B64D-F00D89C80B75
Case 24-50346-grs    Claim 6-1    Filed 05/28/24    Desc Main 05/28/24 11:26   Page 5 of 9
Exhibit A_Proof of Claim 26    Page 5 of 9
THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

# Western Equipment Finance

## SCHEDULE NO. 2799
## TO
## MASTER EQUIPMENT FINANCING AGREEMENT

This Schedule No. 2799 ("Schedule") between WESTERN EQUIPMENT FINANCE ("Creditor", "us", "we" or "our"), and FAST FLOW PLUMBING, LLC ("Debtor", "you," or "your") is dated as of the date signed below by Debtor and is issued in connection with the Master Equipment Financing Agreement dated as of 2/22/2022 (the "Master Agreement"). Unless otherwise defined, capitalized terms used herein shall have the meanings specified in the Master Agreement.

**1. GRANT OF SECURITY:** Debtor hereby grants to Creditor a first priority security interest in all of the property described in Collateral Schedule A attached hereto and made a part hereof.

**2. BUSINESS ADDRESS:** 1025 BREEZY LN BEREA KY 40403.

**3. TERMS:**

INITIAL HERE: DF

| Initial Term | Payment Frequency | Base Periodic Payment | Amount Paid in Advance | # of Payments in Advance | Security Deposit | # of Payments Remaining | Total # of Payments |
|---|---|---|---|---|---|---|---|
| 36 | Monthly | $2,020.18 (includes applicable taxes) | $0.00 (includes applicable taxes) | 0 | $0.00 | 36 | 36 |

**4. INFORMATION RELATING TO INSURANCE REQUIRED UNDER SECTION 6 OF THE MASTER EQUIPMENT FINANCING AGREEMENT:**

Agent Name & Phone Number: _PREWITT WHITT_

Insurance Company / Policy Number: _WEST BEND_

**5. PRE-AUTHORIZED PAYMENT:** You hereby authorize us to initiate debit entries to your ( ) checking or ( ) savings account (select one), indicated below for payment of sums due in connection with this Schedule. You authorize the debit of regular monthly payments as well as debit entries for charges where the amount and time frame varies, including, but not limited to, insurance, tax, and late fee payments. You further authorize the depository named below to charge the indicated account(s). You represent that the person signing this Schedule is an authorized signer on the Debtor's bank account.

[Complete the following and attach a voided check for this account:]

| DEPOSITORY NAME: |
| TRANSIT/ROUTING NO: |
| ACCOUNT NO: |

In the event funds are not available in the bank account(s) noted above on the day payment is due, it is your responsibility to remit payment to us immediately, in order to avoid the assessment of a late payment charge. This authorization is to remain in full force and effect until we shall have received written notification of its termination in such time and in such manner as to afford us and depository a reasonable opportunity to act on it.

**6. COUNTERPARTS; DOCUMENT DELIVERY:** (a) This Schedule may be executed in any number of counterparts, each of which when executed or otherwise authenticated and delivered constituting an original, but all together one and the same instrument. Notwithstanding the foregoing, Creditor and Debtor agree that they intend that there shall be only one manually executed original of this Schedule and, to the extent that this document constitutes chattel paper under the UCC, no security interest herein may be created by the transfer of possession of any counterpart other than the original of this Schedule.

**7. RELATIONSHIP TO MASTER EQUIPMENT FINANCING AGREEMENT; FURTHER ASSURANCES:** The terms of the Master Agreement are incorporated herein by reference and Debtor hereby reaffirms all terms of the Master Agreement. If any of the terms of this Schedule are contrary to the terms of the Master Agreement, the terms of this Schedule shall govern. This Schedule, together with the Master Agreement incorporated herein, shall constitute a separate Agreement and Debtor hereby certifies to Creditor that the representations and warranties made by the Debtor in the Master Agreement are true and correct in all material respects as of the date of this Schedule and that here has been no material adverse change in Debtor's financial condition since the date of the Master Agreement. Debtor will promptly execute or otherwise authenticate and deliver to Creditor such other documentation as Creditor shall request.

Customer #40318390  Schedule #40472799

Page 1 of 2


EXHIBIT A

Case 24-50346-grs    Claim 26-1    Filed 05/28/24    Desc Main    05/28/24 11:26    Page 6 of 9
DocuSign Envelope ID: 55BB19A5-E34E-4CD8-B64D-F00D89C80B75
Exhibit A_Proof of Claim 26    Page 6 of 9

**8. GUARANTEE:** In consideration of us financing the Collateral for Debtor and other good and valuable consideration, the receipt of which is hereby acknowledged, the undersigned (each a "Guarantor") personally, absolutely and unconditionally guarantees payment and performance by the Debtor of all the terms and conditions of this Schedule and each and every other Schedule to the Master Agreement and all Project Financing Promissory and Security Agreement(s). The undersigned waives notice of any amendment or extension of any Schedule (and any Schedule as amended or extended shall be so guaranteed by the undersigned), will pay the expenses of enforcing this guarantee, waives any requirement that we enforce our rights against Debtor or the Collateral before enforcing this guarantee, and waives diligence, notice of acceptance, promptness and any other defenses available to a guarantor or surety. This guarantee will not be discharged or affected by the death, dissolution, termination, bankruptcy or insolvency of the Debtor or another Guarantor and will bind Guarantor's heirs, personal representatives, successors and assigns. No Guarantor shall be a Blocked Person and have an ownership interest in or control of Debtor. As used herein, "Blocked Person" means any person or entity that is now or at any time hereafter (x) on a list of Specially Designated Nationals issued by the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury or any sectoral sanctions identification list, or (y) whose property or interests in property are blocked by OFAC or who is subject to sanctions imposed by law, including any executive order of any branch or Department of the United States government or (z) otherwise designated by the United States or any regulator having jurisdiction or regulatory oversight over us, to be a person with whom the relationship created by, or transactions arising under, this Agreement result in penalties against us or limitations on our ability to enforce its rights and remedies under this Agreement. If more than one Guarantor has signed this Guaranty, each Guarantor agrees that his/her liability is joint and several. During the term of this Schedule, you shall promptly furnish to us, in a form satisfactory to us, current financial statements, tax returns, and/or other documents that we deem necessary to evidence and protect our rights or interest hereunder. Guarantor authorizes us and any of our designees to obtain and share with others credit bureau reports regarding Guarantor's personal credit, and make other credit inquiries that we determine are necessary. THIS GUARANTY IS GOVERNED BY THE LAWS OF THE STATE OF NORTH DAKOTA. EACH GUARANTOR CONSENTS TO THE NONEXCLUSIVE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED IN NORTH DAKOTA AND AGREES THAT ALL LAWSUITS COMMENCED BY A GUARANTOR AGAINST CREDITOR MUST BE FILED IN SUCH COURTS. GUARANTOR EXPRESSLY WAIVES THE RIGHT TO A TRIAL BY A JURY.

Signature: DONALD FITZPATRICK
Address: 1025 BREEZY LN
BEREA KY 40403

Signature: ASHLEY FITZPATRICK
Address: 1025 BREEZY LN
BEREA KY 40403

IN WITNESS WHEREOF, Creditor and Debtor have caused this Schedule to be duly authenticated and delivered on the day and year first written above.

**DEBTOR: FAST FLOW PLUMBING, LLC**
Complete Legal Name of Debtor

Authorized Signature of Debtor    Date: 2/22/2022

OWNER
Title

---

U. S. PATRIOT ACT DISCLOSURE NOTICE: IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT
To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account. What this means for you is that: When you open an account, we will ask for your name, address, date of birth, and other and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

**CREDITOR: WESTERN EQUIPMENT FINANCE**
By: Marylin Aune
Authorized Signature of Creditor    Title: VP Documentation    Date: 2/22/2022

**Address:** 503 Highway 2 West, Devils Lake, ND 58301

*(Western Equipment Finance, a division of Western State Bank)*

Customer #40318390  Schedule #40472799

Page 2 of 2

DocuSign Envelope ID: 55BB19A5-E34E-4CD8-B64D-E00D89C80B75
Case 24-50346-grs Claim 26-1 Filed 05/22/24 Desc Main Document Page 7 of 9
Exhibit A_Proof of Claim 26 Page 7 of 9
This is a copy view of the Authoritative Copy held by the designated custodian



**SCHEDULE NO. ▇▇2799**
**TO**
**MASTER EQUIPMENT FINANCING AGREEMENT**

**EQUIPMENT ACCEPTANCE AND PRE-FUNDING AGREEMENT**

This Equipment Acceptance and Pre-Funding Agreement ("Pre-Funding Agreement") is entered into between FAST FLOW PLUMBING, LLC ("Debtor") and WESTERN EQUIPMENT FINANCE ("Creditor"), with respect to that certain Schedule to the Master Equipment Financing Agreement between Debtor and Creditor, No. ▇▇2799, ("Schedule"). The Schedule, together with the Master Equipment Financing Agreement are referred to herein as "Agreement").

Debtor has requested that Creditor advance funds in connection with the Schedule prior to the collateral (the "Collateral") being delivered to Debtor. Creditor would be unwilling to do so but for the agreement of Debtor to start the Agreement, and for Debtor's promise that each and every payment will be made in a timely manner, regardless of any issues with respect to nondelivery, misdelivery, nonperformance or misperformance of the Collateral. Except as specifically addressed herein, all other terms and conditions of the Agreement remain in full force and effect, and all terms hereof are subject to the terms of the Agreement.

1. Debtor has advised Creditor that the supplier (the "Vendor") of the Collateral requires that all or a portion of the purchase price be submitted to Vendor prior to Vendor delivering the Collateral to the location specified in the Schedule. Debtor has requested that Creditor advance funds to Vendor accordingly. Debtor hereby accepts the Collateral unconditionally and for all purposes of the Agreement, and accepts the Collateral "as is – where is". Debtor further waives its right to revoke acceptance of the Collateral, and understands that once it has accepted the Collateral by execution hereof, all of its obligations under the Agreement become absolute, unconditional and noncancellable.

2. In consideration of Creditor's agreement to advance funds as requested above, Debtor agrees to immediately commence payments under the Agreement, even though all of the Collateral may not yet be installed. Debtor agrees that, in order to induce Creditor to make payments as described above, the Agreement will be in full force and effect immediately upon execution of this agreement, as will Debtor's duty to make all payments and to fulfill all other obligations pursuant to the Agreement. Should any item of Collateral not be delivered, Debtor alone shall be responsible and shall have recourse only to the appropriate Vendor. By execution of this Pre-funding Agreement, Debtor unconditionally accepts and acknowledges said Agreement and the Collateral, and agrees the Agreement is in full force and effect and not subject to any defenses or rights of set-off against Creditor. Nondelivery of any item of Collateral shall not relieve Debtor of the obligation of payment in full under the Agreement.

3. In the event that Debtor has any disagreement or complaint with respect to the Collateral, Debtor shall look only to persons other than Creditor or its assigns, and shall not assert against Creditor or its assigns any claim or defense Debtor may have with reference to the Collateral, its installation, delivery, nondelivery or misperformance.

4. This Pre-Funding Agreement is expressly incorporated into the Agreement, and all terms of the Agreement not directly modified by this Pre-Funding Agreement shall remain in full force and effect, fully binding upon the parties hereto.

In the event I am unable to give verbal verification of the delivered equipment and/or acceptance of the Schedule, I hereby authorize _____ (name) _____ (title) to provide this verification in my place. I understand the above noted individual's verification shall be legally binding and I shall abide by his/her decision.

Contact Phone: _____    Cell / other: _____

Agreed to by and between the undersigned parties on    2/22/2022

**DEBTOR: FAST FLOW PLUMBING, LLC**
Complete Legal Name of Debtor

DocuSigned by:
[signature]
14C20F3A42F14AE...
Authorized Signature of Debtor

OWNER
Title

CA800/R1017H

Case 24-50346-grs    Claim 6-1    Filed 05/22/24    Desc Main    Document 05/22/24 11:26    Page 8 of 9
Exhibit A_Proof of Claim 26    Page 8 of 9
DocuSign Envelope ID: 55BB19A5-E34E-4CD8-B64D-E00D89C80B75
This is a copy view of the Authoritative Copy held by the designated custodian



# COLLATERAL SCHEDULE A

This Collateral Schedule A is to be attached to and become part of Schedule #⬛2799 to the Master Equipment Financing Agreement between Western Equipment Finance, (the "Creditor") and the undersigned (the "Debtor").

| QTY | SERIAL NO. | COLLATERAL MANUFACTURER, MODEL NO, DESCRIPTION |
|---|---|---|
| 1 | | PERMA-LINER 22' HOT WATER LINING TRAILER PACKAGE |

Together with all accessions, additions and attachments thereto and located at: 1025 BREEZY LN BEREA KY 40403.

This Collateral Schedule A is hereby verified as correct by the undersigned Debtor, who acknowledges receipt of a copy.

**DEBTOR: FAST FLOW PLUMBING, LLC**
Complete Legal Name of Debtor

DocuSigned by: [signature]
—14C20F3A42F14AE...
Authorized Signature of Debtor        Date: 2/22/2022

OWNER
Title

COPY VIEW

## UCC FINANCING STATEMENT

Name and address of filer:

Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

**2022-3195146-75.01**
Kentucky Secretary of State
File Date    2/28/2022 5:26:10 PM
Status    Active
Fee    $5.00

This document is a representation of a filing made electronically at the Kentucky Secretary of State's web site

DEBTOR'S EXACT FULL LEGAL NAME

| a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| FAST FLOW PLUMBING, LLC | | | |
| b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| c. MAILING ADDRESS: 1025 Breezy Ln | CITY: Berea | KY  POSTAL CODE: 40403 | COUNTRY: USA |

SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY)

| a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Western Equipment Finance | | | |
| b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| c. MAILING ADDRESS: P.O. Box 640 | CITY: Devils Lake | ND  POSTAL CODE: 58301 | COUNTRY: USA |

4. This FINANCING STATEMENT covers the following collateral:

**THE FOLLOWING EQUIPMENT OR INVENTORY:**

**1 PERMA-LINER 22' HOT WATER LINING TRAILER PACKAGE**

**TOGETHER WITH ALL PRESENT AND FUTURE ATTACHMENTS, ACCESSORIES, REPLACEMENT PARTS, ADDITIONS AND ALL CASH AND NON-CASH PROCEEDS THEREOF.**

EXHIBIT B