**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| In re:  Fast Flow Plumbing, LLC | Case No. 24-50346 |
| Debtor | Chapter 11 |
| | Small Business Case |
| | Hon. Gregory R. Shaaf |

## DEBTOR'S MOTION TO SET ASIDE ORDER OF RELIEF

Fast Flow Plumbing, LLC ("Debtor"), by and through counsel, hereby moves the Court for the entry of an order setting aside the Order Sustaining the motion for Toyota Industries Commercial Finance Inc ("Creditor", "Toyota Industries")), or in the Alternative for Adequate Protection entered on June 2, 2024. [ECF No. 113, the "Relief Order"]. Counsel for Debtor's failure to timely file an objection to the motion was a result of excusable neglect and by no means an effort to thwart the judicial process or prejudiced the Creditor's rights. Debtor is furthermore requesting the Stay Relief Order be stayed until June 17, 2024, pursuant to Fe. R. Bankr. P. 4001(a)(3). The following memorandum is provided in support of the relief requested.

### HEARING

Please take notice that the foregoing motion shall be heard on June 18, 2024 at 9:00 am at the U.S. Bankruptcy Court Community Trust Building, 100E Vine Street, 2nd Floor Courtroom, Lexington KY 40507.

### BASIS FOR RELIEF

1. Debtor filed his petition for relief under chapter 11 of the bankruptcy code March 26, 2024.

2. On March 29, 2024, Debtor moved for and obtained an Interim Order Authorizing Debtor in Possession to Use Cash collateral and establishing adequate protection payments. [ECF Nos. 15, 44].

3. Pursuant to the interim Order, Debtor was directed to among other things, segregate, beginning on April 5, 2024 $1,521.91 per week from the cash collateral as adequate protection for the secured lenders listed in [ECF No. 15, p. 3, which identified the three vehicles at issue in the Creditor's motion [the "Relief Motion"]. Namely: (1) the 2022 Chevrolet Express Commercial Van 1GB0GSF76N1155945; (2) the 2022 Chevrolet Express Commercial Van 1GB0GSF79N1155857; and (3)the 2022 Chevrolet Express Commercial Van 1GB0GSF72N1155778.

4. Debtor's first cash collateral motion did not break out payments to individual creditors due to the absence of accurate information about the secured lenders' claims.

5. On April 16, 2024, Debtor supplemented the record and by April 22, 2024, obtained a second interim order for use of cash collateral, which increased the adequate protection payments to $1,651.11 starting in the week ending April 21, 2024. [ECF No. 60]. Included in the adequate protection payments was $415.46 that was to be segregated on a weekly basis for the benefit of the Creditor.

6. On May 6, 2024, a third interim order for cash collateral also included $415.46 in weekly amount that was to be segregated for the benefit of the Creditor. [ECF No. 81].

7. On May 16, 2024, Creditor moved for relief from stay in part on the grounds that adequate protection payments were not being made. Creditor acknowledges that it was aware that the cash collateral order required Debtor to segregate adequate protection payment in the amount of $1,798.95 for the benefit of Toyota Industries. [ECF No. 94, p2, ¶8].

8. Yet, Creditor did not contact counsel to arrange for the disbursement of the funds that have been ordered as adequate protection payments and segregated in accordance with the related orders.

9. Debtor's Counsel was served with the motion. However, counsel mis-calendared the deadline for the response, and mistakenly conflated the 14-day deadline on this matter with that of other motions filed in this and other cases.

10. As directed by the court, Debtor has segregated $2,044.81 for the benefit of the Creditor for the period starting on April 5, 2024 and ending on May 5, 2024, and has segregated adequate protection payment in the total amount of $3,674.17 as of week ending June 2, 2024.

11. Creditor had requested adequate protection payments as an alternative to the relief from stay. Debtor is requesting that the Relief be stayed for the until June 17$^{t,}$ 2024, and thereafter vacated, provided that Debtor turn over adequate protection payments in the amount of $4,505.09 to the Creditor continue to make regular payments directly to Creditor from that point on.

Fed. R. Civ. P. 60 applies in cases under the Bankruptcy Code. Fed. R. Bankr. P 9024. The rule states in relevant part that: "on a motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding on the grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b).

"For the purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Brown, King Constr., LLC v. Spivey (In re Spivey)*, Nos. 08-35118, 09-3028, 2010 Bankr. LEXIS 4645, at *11 (Bankr. E.D. Tenn. Dec. 14, 2010) (internal citations omitted). In determining whether the negligence is excusable, a court looks to three factors: "(1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim or defense." *Lyon v. Baker* (*In re ClassicStar, LLC*), Nos.

07-51786, 09-5155, 2011 Bankr. LEXIS 2374, at *14-15 (Bankr. E.D. Ky. June 18, 2011)(internal citations omitted).

A party's conduct is said to be culpable "if it displays either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003); see also *In re Jarman*, No. 03-22430, 2004 Bankr. LEXIS 984, at *7 (Bankr. E.D. Ky. July 21, 2004) (finding excusable neglect when Trustee's failure to respond to motion for relief from stay was not intended to thwart judicial proceedings or recklessly disregarded the effect of its conduct on those proceedings.)

Here, counsel's conduct was not culpable, nor was it intended to thwart the judicial proceedings. Counsel's neglect was due to inadvertence and confusion about the docket, which resulted in part from the Creditor filing the motion twice once on May 16, 2024 [ECF Nos. 91 and 94]. Likewise, a different creditor in this case filed three motions for relief from stay based on identical claims, between April 30, 2024 and May 20, 2024 [ECF No. 70, , 99, and 100]. In total five (5) relief motions related to two (2) secured claims and eight (8) different vehicles were filed in the span of three (3) weeks. All of which seeking adequate protection payments that were being segregated pursuant to a court order. Suffice it to say that counsel lost track of the 14-day deadline for responding to the Relief Motion at issue. By no means did counsel intend to thwart the judicial proceedings in this case.

More importantly, Toyota Industries is not prejudiced by counsel's inadvertence because it requested adequate protection payments as an alternative to relief from stay. Moreover, a 14-day stay of the enforcement of the Relief Order is imposed by operation of Fed. R. Bankr. P. 4001(c), The stay will be in effect until the day prior to the hearing on this Motion. Creditor will have ample

opportunity to reiterate its arguments for relief and against the vacating of the Relief Order. Counsel submits that his request for relief is meritorious for the reasons set forth above.

Debtor is ready, willing, and able to disburse to Toyota Industries the balance of the adequate protection payments due to it as ordered by the Court. Debtor is also ready to start making regular adequate protection payments directly to Toyota Industries. As set forth in the Relief motion, Toyota Industries would have accepted adequate protection payments as appropriate relief. Vacating the order will merely re-establish the status quo that had existed before the Relief Order was granted.

Based on the foregoing, Debtor requests the entry of an order setting aside the Relief Order case pursuant to this Court's authority to issue any order that is appropriate to carry out the provisions of Title 11 of the United States Code.

Respectfully,

*/s/ J. Christian Dennery*
J. Christian A. Dennery (KBA No. 95878)
PO Box 121241
Covington, KY 41012
859-692-3685
859-286-6726
jcdennery@dennerypllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, June 4, a copy of the foregoing motion was served all parties registered to receive notice through the Court's ECF System, and on the following by U.S. Regular Mail.

| | |
|---|---|
| John Erin McCabe | Toyota Industries Commercial Finance Inc. |
| jmccabe@weltman.com | C/O Weltman, Weinberg, and Reis CO., LPA |
| Attorney for Creditor | 965 Keynote Circle |
| 312 Elm Street, Suite 1200 | Brooklyn Heights, OH 44131 |
| Cincinnati, OH 45202 | |
| 877-338-9484 | |

*/s/ J. Christian Dennery*
J. Christian Dennery